CYNTHIA M. COVEY AND OTHERS, APPELLANTS, v. WILLIAM R. COVEY, ADMINISTRATOR OF MARY ANN COVEY, DECEASED, RESPONDENT.

*Executors and administrators — a reference under the statute is not a waiver of a misjoinder of parties.*

Five persons entitled in severalty, as legatees, to a remainder in certain personal property, presented a claim to the administrator of the person who had held the life estate for their shares in a part of said property. The claim did not show whether the interests of the claimants were joint or several.

Upon a trial before a referee, to whom the claim had been referred under the provisions of the Revised Statutes, it appeared that the interests of the claimants were several, and the referee decided that the claimants could not maintain a joint proceeding for its recovery.

*Held*, that the decision was proper.

That the objection was not waived by the fact that the administrator agreed to and did refer the claim.

That as, in such a proceeding, no demurrer or answer is possible, a party may take an objection at the time when ground for it appears.

APPEAL by the plaintiffs, Cynthia M. Covey, Asa W. Covey, Jehial Covey, Walter P. Covey and Nancy E. Harris, from an order of the Supreme Court, entered in the office of the clerk of the county of Cayuga on the 23d day of November, 1891, confirming the report of a referee and disallowing the claim of the plaintiffs, with costs.

*H. Greenfield*, for the appellants.

*F. S. Coburn*, for the respondent.

DWIGHT, P. J.:

No question is made of any of the facts found by the referee; accordingly no case was made, but the confirmation of the report was opposed on the ground that the facts found did not support the

conclusions of law. The findings of fact were to the effect that the plaintiffs were five legatees of a remainder of personal property — after a life estate therein — which was to be divided equally between them; that the property included a horse which had been sold by the survivor of the life tenants, the avails of which remained a part of her estate at the time of her death, and was the subject of the claim in this proceeding against the defendant as her administrator.

The referee dismissed the claim on the ground that the plaintiffs' cause of action was several, and not joint; that they had no joint interest in the recovery sought, and could not maintain a joint proceeding therefor. We suppose this conclusion was entirely correct. (*Myers* v. *Cronck*, 45 Hun, 404.) Counsel for the plaintiffs urge that the objection to their being joined, if it existed, was waived by the consent of the defendant to refer the claim as presented. But the fact that the claim of the plaintiffs was several, and not joint, did not appear on the face of the claim as presented, and the administrator, defendant, is not chargeable with knowledge of what the proof would be. There is in this special proceeding neither demurrer nor answer by which the objection could be taken. The defendant may await the devolopments of the trial and make his objections as the grounds for them appear. When the fact appears that the claim of the plaintiffs was for their several shares of a sum of money in the hands of the defendant, the objection to their joint proceeding for its recovery was well taken and properly sustained.

The order appealed from must be affirmed.

MACOMBER and LEWIS, JJ., concurred.

Order appealed from affirmed, with costs.